IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

PATRICIA CLARK,

     Plaintiff,

v.

HARTFORD LIFE GROUP INSURANCE
COMPANY,

     Defendant.

Civil Action No.

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Patricia Clark, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted, and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Patricia Clark, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Berks County, Pennsylvania.

5. Defendant Hartford Life Group Insurance Company (hereinafter "Hartford"), is an insurance company authorized to transact the business of insurance in this state and may be served with process through its registered agent for service of process CT Corporation System at 67 Burnside Ave., East Hartford, CT 06108.

6. Defendant Hartford is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 83126809, issued by Hartford to BDP International.

## FACTS

7. Plaintiff was employed by BDP International, in its Philadelphia, Pennsylvania location as a Regional Manager.

8. By virtue of her employment, Plaintiff was enrolled in the BDP International Group Disability Income Insurance Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Hartford under Group Long Term Disability Policy No. 83126809, issued by Hartford to BDP International.

10. Plaintiff is a participant or beneficiary of the Plan.

11.     Plaintiff ceased work due to a disability related to her medical conditions, including tremors, Sjogren's syndrome, herniated disk, carpal tunnel, IBS, and other symptoms and conditions, on approximately October 2, 2004, while covered under the Plan.

12.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13.     Plaintiff filed an application for LTD benefits under the Plan.

14.     Hartford approved Plaintiff's application and paid benefits for approximately 20 years until November 6, 2024.

15.     While benefits were being paid, Hartford conducted multiple reviews requiring Plaintiff to provide information from her treating providers. After each review, she continued to be approved for benefits by the Hartford.

16.     Plaintiff was also awarded disability benefits from Social Security.

17.     As of July 1, 2024, Plaintiff's Social Security auxiliary benefit ended, and per the policy Hartford increased her disability benefit amount to no longer offset for the auxiliary benefit from Social Security.

18.     By letter dated June 26, 2024, Hartford found Plaintiff not physically disabled per the policy terms, but stated it was going to continue to review her claim to see if she was disabled due to her mental and nervous conditions. Benefits continued to be paid while Hartford continued its review.

19.     On August 9, 2024, Plaintiff submitted medical records to Hartford per their request.

20.     On September 12, 2024, Plaintiff submitted another set of medical records to Hartford.

21.    By letter dated November 6, 2024, Hartford denied Plaintiff's claim by stating that it found she is no longer disabled per the policy's definition of disability as of November 6, 2024 and benefits would cease as of that date.

22.    On May 5, 2025, Plaintiff appealed the denial of benefits and submitted medical opinion forms from four different treating providers, medical records, and a treatment note from her treating provider.

23.    Dr. Stella, Plaintiff's treating provider, completed a medical opinion form in which she explained, among other things, that Plaintiff has tremors and memory loss with an 18/30 MOCA. She detailed restrictions and limitations that prevent Plaintiff from working full time including that she should not fine manipulate, type, write, or grasp small objects.

24.    Treating provider, Dr. Eluri, also completed a medical opinion form in which he explains that Plaintiff has a poor ability in several areas including her ability to concentrate, persist, and keep pace.

25.    Treating provider, Tara Pascal, PA-C, also completed a medical opinion form in which she explains that Plaintiff is unable to work due to her many medical conditions including GAD, panic attacks, Sjorgens, and Graves Disease.

26.    On May 14, 2025, Plaintiff submitted to Hartford a functional capacity evaluation.

27.    The functional capacity evaluation evidences that Plaintiff is at a below sedentary level based on extensive testing.

28.    On May 27, 2025, Plaintiff submitted to Hartford an additional set of medical records.

29.    On June 3, 2025, Hartford sent Plaintiff a letter asking her to review the new evidence it had generated and to respond.

30.     The new evidence from Hartford was a medical review from a psychiatrist, a medical review from an internal medicine and rheumatologist, and a medical review from a neurologist.

31.     On August 7, 2025, Plaintiff responded to the new evidence from Hartford by submitting medical records and a form completed by her treating provider, Dr. Eluri, that explained his disagreement with the medical reviews conducted by Hartford because Plaintiff continues to have panic attacks and anxiety that impair her professional and social life, thus he stated she is unable to work.

32.     On August 11, 2025, Hartford issued a denial and stated that its decision is final and that Plaintiff has exhausted her administrative remedies.

33.     On November 25, 2025, Plaintiff submitted a neuropsychological and psychological evaluation showing multiple deficits to Hartford.

34.     On December 8, 2025, Hartford upheld its denial of benefits after it stated it considered the evaluations submitted by Plaintiff.

35.     Plaintiff has exhausted her administrative remedies under the Plan.

36.     Hartford would pay any benefits due out of its own funds.

37.     Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

38.     Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

39.     The timing of Hartford's denial of benefits after paying for nearly 20 years only came after the auxiliary benefit ended and it had to increase its benefit payment amount to Plaintiff.

40. Hartford allowed its concern over its own funds to influence its decision-making.

41. Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

42. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

43. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

44. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

45. The decisions to deny benefits were wrong under the terms of the Plan.

46. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

47. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

48. The decisions to deny benefits were not supported by substantial evidence in the record.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

50. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.      A finding in favor of Plaintiff against the Defendant;

2.      Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.      Prejudgment and postjudgment interest;

4.      An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.      Plaintiff's reasonable attorney fees and costs; and

6.      Such other relief as this court deems just and proper.

Dated this 14th day of May, 2026.

Respectfully submitted,


ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF


BY:    */s Noah Breazeale*
       Noah Breazeale (Bar No. CT32160)
       414 McCallie Avenue
       Chattanooga, TN 37402
       (423) 634-2506
       FAX:  (423) 634-2505
       nbreazeale@buchanandisability.com


7